ASH

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Simon Calvin Simms Hiatt,<br>                Petitioner,<br>v.<br>United States of America,<br>                Respondent. | No. CV 22-01697-PHX-JAT (JZB)<br><br>**ORDER** |

**I.**     **Background**

On July 27, 2022, Petitioner Simon Calvin Simms Hiatt, who is now confined in the Federal Correctional Institution (FCI)-Terminal Island in San Pedro, California,[1] filed a "Motion Under Compassionate Release 18 U.S.C. § 3582(c)(1)(A)(i) Pursuant to Sentence Error of Rule 18 U.S.C. § 3585(a)" in his underlying criminal case, *United States v. Hiatt*, 2:19-CR-00777-PHX-SPL (D. Ariz. July 27, 2022). By Order dated August 16, 2022, the Court found that because the claims in the motion related to the calculation of his sentence, they were not properly brought under § 3582. Accordingly, the Court directed the Clerk of Court to file the Motion as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in a new case, and denied the Motion in the criminal case. (*See* Doc. 51 in 2:19-CR-00777-PHX-SPL). The Clerk of Court did so, opening case no. 2:22-CV-01380-PHX-JAT (JZB) (D. Ariz. 2022). By Order dated September 9, 2022 in that case, the Court gave

---

[1] At the time he filed his original Motion on July 27, 2022, Petitioner was confined at FCI-Phoenix.

Petitioner 30 days to a) pay the $5.00 filing fee or to submit an Application to Proceed In Forma Pauperis, and b) to submit an Amended § 2241 Petition using the court-approved form. (*See* Doc. 3 in 2:22-CV-01380-PHX-JAT (JZB)). A copy of the Order was mailed to Petitioner that same day. However, on October 3, 2022, the Order was returned to the Court as undeliverable because Petitioner was no longer housed at FCI-Phoenix. On October 21, 2022, having received no notification of change of address or any other filing from Petitioner, the Clerk of Court closed the case for failure to keep the Court apprised of his whereabouts. (*Id.* Doc. 6).

Meanwhile, on September 27, 2022, Petitioner filed an "Amended Motion for Compassionate Release" in his underlying criminal case. (*See* Doc. 53 in 2:19-CR-00777-PHX-SPL) (hereafter, the "Amended Motion"). The envelope for that filing indicated that Petitioner was confined at FCI-Terminal Island. (*See* Doc. 53-2 in 2:19-CR-00777-PHX-SPL). As with his original motion, the Amended Motion challenged the computation of his sentence, and thus was not properly a motion for compassionate release pursuant to § 3582. Accordingly, by Order dated October 6, 2022, the Court again ordered the Clerk of Court to file the Amended Motion as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in a new case, and denied the Motion in the criminal case. (*See* Doc. 54 in 2:19-CR-00777-PHX-SPL). The Clerk of Court did so the same day, opening the instant action to consider Petitioner's Amended Motion.

Upon the opening of this action, the Court gave Petitioner 30 days to a) pay the $5.00 filing fee or to submit an Application to Proceed In Forma Pauperis, and b) submit an Amended § 2241 Petition using the court-approved form. (Doc. 3). On November 18, 2022, Petitioner filed an Amended § 2241 Petition (Doc. 4), and on November 22, 2022, he paid the $5.00 filing fee (Doc. 5). The Amended § 2241 Petition indicates that Petitioner continues to be confined at FCI-Terminal Island.

**II.   Discussion**

"The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th*

*Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973). Where a prisoner files a § 2241 petition challenging the manner of execution of his sentence, the "prisoner must name the warden of the penitentiary where he is confined as respondent." *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir.1989); *see also*, *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.1992) (explaining that a federal habeas petitioner's immediate custodian is the only party that can actually produce the body of the petitioner).

As noted, Petitioner is no longer confined in Arizona, and his present immediate custodian—the Warden at FCI-Terminal Island—is not located in this District. As such, this Court lacks personal jurisdiction over Petitioner's custodian, and is thus unable to consider the merits of his Amended § 2241 Petition. Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Similarly, 28 U.S.C. § 1631 provides that a court lacking jurisdiction may "in the interest of justice, transfer such action or appeal to any other such court . . . in which the action could have been brought. . ." 28 U.S.C. § 1631.

Accordingly, in the interest of justice, the Court will transfer this matter to the United States District Court for the Central District of California. *See* 28 U.S.C. § 1631; *Miller v. Hambrick*, 905 F.2d 259. 262 (9th Cir. 1990); *In re McCauley*, 814 F.2d 1350, 1352 (9th Cir. 1987).

**IT IS ORDERED:**

(1)  The Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the Central District of California.

Dated this 8th day of December, 2022.

James A. Teilborg
Senior United States District Judge